[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT NO. 113
On January 27, 1995, the plaintiff, Stephanie Whittingham, filed a single count amended complaint against the defendant, Congregation B'Nai Israel. Whittingham, a minor, brought this action by Kathy Whittingham, her mother and next friend. The defendant owns, possesses and controls a building at 2710 Park Avenue, Bridgeport. Whittingham alleges that the defendant's negligence[1] caused an injury to her hand when a glass exit door of that building shattered as she pushed it open.
On April 12, 1995, the defendant filed a motion for summary judgment on the ground that "there is no issue of material fact regarding the plaintiff's allegations of negligence." The defendant filed a memorandum of law in support. The defendant also submitted an affidavit from Mary C. Gennarini, an employee of the defendant, and certified copies of certain building regulations as exhibits.
On May 8, 1995, Whittingham filed a memorandum in opposition to the motion for summary judgment. Whittingham also filed an affidavit from John F. Fitzgerald, a consulting forensic engineer.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."Barrett v. Danbury Hospital, 232 Conn. 242, 250, ___ A.2d ___ (1995). CT Page 6455 "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) Suarez v. Dickmont Plastics Corp., 229 Conn. 99,105, 639 A.2d 507 (1994).
The defendant argues that it has established that it did not commit negligence per se. The building regulations, which the defendant filed with its motion, indicate that when the building was built the regulations did not require safety glass. The defendant contends that because the complaint is based upon the failure to have safety glass and the law did not require safety glass, the defendant is entitled to judgment as a matter of law. The defendant cites Josephson v. Meyers,180 Conn. 302, 308, 429 A.2d 877 (1980) for the proposition that when a defendant complies with a statutory duty, the defendant is not negligent as a matter of law.
Whittingham, argues that action is based upon common law negligence, not negligence per se.
A fair reading of the allegations of the complaint indicates that it is founded in common law negligence. The complaint does not refer to any statute or local ordinance, a violation of which constitutes negligence per se.[2] Whether the defendant had a common law duty to install safety glass is an open question, which is not raised in this motion for summary judgment. Genuine issues of material fact exist as to the common law negligence of the defendant.
The motion for summary judgment is therefore denied.
BY THE COURT MAIOCCO, JUDGE